

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| DONTE BERNARD BAKER, Petitioner, | § | |
| vs. | § | CIVIL ACTION NO. 2:22-00114-MGL-MGB |
| WARDEN, FCI WILLIAMSBURG, Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING THE PETITION WITHOUT PREJUDICE AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN, AND DISMISSING PETITIONER'S MOTION FOR CONTEMPT**

Petitioner Donte Bernard Baker (Baker) filed this 28 U.S.C. § 2241 petition in the United States District Court for the Northern District of West Virginia, where he was then incarcerated. He has since been moved to FCI, Williamsburg, and his petition was transferred to this Court. Therefore, the the proper Respondent to his petition is the Warden of FCI Williamsburg (the Warden). *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (quoting 28 U.S.C. § 2242)). Baker is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court that Baker's petition be dismissed without prejudice, for lack of jurisdiction, and without requiring the Warden to file a return; and Baker's motion for contempt be dismissed. The Report was submitted as per 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 15, 2022, and the Clerk of Court entered Baker's objections on July 5, 2022. The Court holds the objections to be without merit. It will therefore enter judgment accordingly.

Baker's objections fall into two categories. Some are reiterations of the same arguments the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's discussion on those issues, it need not repeat her analysis here. The Court will therefore overrule these objections.

The rest of Baker's objections are so lacking in merit as not to require any discussion. Thus, the Court will overrule these objections, too.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Baker's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Baker's petition is **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction, and without requiring the Warden to file a return; and Baker's motion for contempt is **DISMISSED**.

To the extent Baker requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 21st day of December, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.